WHETHER APPELLANT'S CONVICTIONS FOR POSSESSION AND RECEIPT OF CHILD PORNOGRAPHY MUST BE SET ASIDE BECAUSE SEVERAL DEPICTIONS OFFERED IN SUPPORT OF THE SPECIFICATIONS ARE NOT CHILD PORNOGRAPHY AND ARE CONSTITUTIONALLY PROTECTED, A GENERAL VERDICT WAS ENTERED, AND IT IS IMPOSSIBLE TO DETERMINE WHETHER THE LEGALLY PROTECTED IMAGES CONTRIBUTED TO THE VERDICT.

No briefs will be filed under Rule 25.

No. 12–0616/AR.   U.S. v. Timothy E. Bennitt.   CCA 20100172.   Appellee's motion for leave to file a supplemental joint appendix out of time is granted.

Wednesday, December 10, 2014

No. 15–0051/AF.   U.S. v. Franklin G.U. Cruz.   CCA 38296.   On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, we note that Appellant raises issues not previously considered by the Court of Criminal Appeals.   Accordingly, it is ordered that said petition is hereby granted on the following issues:

I.   WHETHER THE MILITARY JUDGE ERRED IN FINDING PERSONAL JURISDICTION OVER APPELLANT.

II. WHETHER APPELLANT'S FIFTH AMENDMENT DUE PROCESS RIGHTS WERE VIOLATED.

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review and consideration of the aforementioned issues under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) (2012).

No. 12–0616/AR. U.S. v. Timothy E. Bennitt. CCA 20100172. Appellee's motion for leave to file a corrected table of contents in the second supplemental joint appendix is granted.

Thursday, December 11, 2014

No. 15–0074/CG. U.S. v. John C. Riesbeck. CCA 1374. On consideration of Appellant's petition for grant of review of the decision of the United States Coast Guard Court of Criminal Appeals, we conclude that the issue of improper member selection was not waived because of the exception contained in Rule for Courts–Martial (RCM) 912(b)(3) to the timeliness requirement of RCM 912(b)(1). On its face, RCM 912(b)(3) provides an exception to waiver where the objection is made on the basis of an allegation that the convening authority selected members in violation of RCM 502(a)(1) for reasons other than those listed in Article 25(d)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 825(d)(2) (2012): age, education, training, experience, length of service, and judicial temperament. Furthermore, improper member selection can constitute unlawful command influence, an issue that cannot be waived. *United States v. Baldwin*, 54 M.J., 308, 310 n. 2 (C.A.A.F. 2001). Because the exception of RCM 912(b)(3) should have applied, the question remains whether Appellant was deprived of a fair trial by an impartial panel. Accordingly, it is ordered that said petition is hereby granted on the following issue: